McMILLAN, Presiding Judge.
The appellant, Clarence Thomas, pleaded guilty to a charge of felony driving under the influence (“DUI”). He was sentenced to two years’ imprisonment. The trial court also ordered the indefinite suspension of the appellant’s driver’s license.
The appellant’s counsel on appeal has filed a “no-merit” brief in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after examining the record, he can find no errors committed during the appellant’s guilty-plea proceedings that were preserved for appellate review. Additionally, appellate counsel states that he is of the opinion that there are no meritorious issues on which he can advance an appeal.
Section 32-5A-191(h), Ala.Code 1975, provides as follows [1]:
“(h) On a fourth or subsequent conviction, a person convicted of violating this section [driving while under the influence of alcohol, controlled substances, etc.] shall be guilty of a Class C felony and punished by a fine of not less than four thousand one hundred dollars ($4,100) nor more than ten thousand one hundred dollars ($10,100) and by imprisonment of not less than one year and one day nor more than 10 years. Any term of imprisonment may include hard labor for the county or state, and where imprisonment does not exceed three years confinement may be in the county jail. Where imprisonment does not exceed one year and one day, confinement shall be in the county jail. The minimum sentence shall include a term of imprisonment for at least one year and one day which may be suspended or probated, but only if the defendant enrolls and successfully completes a state certified chemical dependency program recommended by the court referral officer and approved by the sentencing court. Where probation is granted, the sentencing court may, in its discretion, and where monitoring equipment is available, place the defendant on house arrest under electronic surveillance during the probationary term. In addition to the other penalties authorized, the Director of Public Safety shall revoke the driving privilege or driver’s license of the person convicted for a period of five years.”
An examination of the record reveals that the trial court sentenced the appellant to two years’ imprisonment and further ordered an indefinite suspension of his driver’s license. The trial court’s order of indefinite suspension exceeds the five-year period provided for in § 32-5A-191(h). Therefore, this portion of the appellant’s sentence is illegal. Accordingly, the appellant’s sentence is vacated, and this cause is remanded for the Elmore Circuit Court to sentence the appellant in compliance with *212 § 32-5A-191(h). Due return shall be made within 42 days of the date of the release of this opinion.
REMANDED WITH DIRECTIONS. 
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. Effective August 1, 2000, § 32-5A-191(h) was amended to provide for a minimum mandatory sentence of imprisonment of 10 days in the county jail, upon completion of which the sentence could be suspended or probated.